**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DERRICK MCCALLISTER, ET. AL.** § | | |
| § | | |
| v. § | | Civil Action No. 5:19-cv-1372 |
| § | | |
| § | | |
| **BEE-LINE DELIVERY SERVICE,** § | | |
| **INC. & HEARST** § | | |
| **COMMUNICATIONS, INC. D/B/A** § | | |
| **THE SAN ANTONIO EXPRESS** § | | |
| **NEWS** § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **DERRICK MCCALLISTER**, individual and on behalf of similarly situated present and former employees, hereinafter referred to as "Plaintiff," bringing this cause of action under the Fair Labor Standards Act 29 U.S.C. § 203 et. seq. against Defendants **BEE-LINE DELIVERY SERVICE, INC. & HEARST COMMUNICATIONS, INC. D/B/A THE SAN ANTONIO EXPRESS NEWS**, hereinafter referred to as "Defendants." For cause of action, Plaintiffs respectfully shows unto the Court the following:

**I.
PARTIES**

1. Plaintiff **DERRICK MCCALLISTER** is a resident of Bexar County, Texas.

1

2.     In addition to the Plaintiff, the following consent to opt-ins as members of any class to assert their claims and will file their opt-in notices with the Court: Todd Bell.

3.     Defendant **BEE-LINE DELIVERY SERVICE, INC.** is a Texas Corporation.  Defendant may be served by serving its registered agent, Bruce W. McMillian, 9750 W. Sam Houston Pkwy N #150 Houston, TX 77064. A waiver of service has been requested.

4.     Defendant **HEARST COMMUNICATIONS, INC. D/B/A THE SAN ANTONIO EXPRESS NEWS** is a Delaware Corporation.  Defendant may be served by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, TX 75201.  A waiver of service has been requested.

## II.
## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law, the Fair Labor Standards Act.

6.     Venue is proper in the Western District of Texas, San Antonio Division because the events forming the basis of the suit occurred within the Western District of Texas San Antonio Division.

## III.
## MISNOMER/MISIDENTIFICATION

7.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such

"corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
## RESPONDEAT SUPERIOR

8. Employees involved in this cause of action were, at all times described herein, employees of Defendants and were at all times acting in the course and scope of that employment. Accordingly, Defendants are liable for such conduct under the doctrine of *RespondeatSuperior*.

## V.
## FACTUAL BACKGROUND

9. Plaintiff is a present employee of Defendants. Plaintiff and other unnamed present and/or former employees of Defendants were/are required to work in excess of 40 hours per week but was/were not paid overtime as required by law. Defendant improperly classified Plaintiff and other present and/or former employees of Defendants as independent contractors when they were employees of Defendants.

10. Plaintiff and similarly situated employees are employed as delivery drivers by Defendants. Plaintiff drives a truck owned by Defendants to make deliveries at Defendants' request.

11. Plaintiff was told by Defendants' management that when he is making a delivery on behalf of Defendants that he represents Defendants, and that he should identify himself as being with Bee-Line when meeting customers. Defendants require Plaintiff and other similarly situated employees to work at least 12 hours a day. Defendants provide all equipment used by Plaintiff and pay for the gas Plaintiff uses when driving the truck.

12. Plaintiff and other similarly situated drivers drive only within the State of Texas and do not cross state lines.

13. Plaintiff is told by Defendants' management when he can leave for the day.

14. The Defendants' failure to pay overtime pay violates the Fair Labor Standards Act (FLSA). Therefore, Plaintiff is entitled to recover pay for each hour worked in excess of 40 hours during any one work week at the rate of one and one half times his hourly rate. Further, Plaintiff would show that the FLSA violations were willful. Therefore, Plaintiff is entitled to three years of accrued, unpaid overtime pay.

15. Plaintiff is also entitled to liquidated damages in an amount equal to the overtime benefits due because of the willful nature of the Defendants' failure to take reasonable steps to comply with the FLSA. Plaintiff is also entitled to attorneys' fees.

16. In addition, Plaintiff and other unnamed present and/or former employees were not paid for all time worked and/or were required to work off the clock and seek payment for same.

17. Moreover, to the extent any present or former employee suffers retaliation, Plaintiff intends to assert a claim for retaliation under the FLSA.

## VI.
## CAUSES OF ACTION

**Failure to Pay Wages in Accordance with the Fair Labor Standards Act**

18. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act,

unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." Walling v. Helmerich & Payne, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

19.    Defendants' failure to pay overtime and/or forcing Plaintiffs to work any off the clock hours violated the Fair Labor Standards Act of 1938 as currently amended and codified at 29 U.S.C. §201 *et seq*. (FLSA). Therefore, Plaintiffs are entitled to recover regular and/or overtime pay for each hour worked off the clock and/or in excess of 40 hours during any one work week at the rate of one and one half times their hourly rate.

20.    Plaintiffs would show that the FLSA violations were willful and as such Plaintiffs are entitled to accrued, unpaid overtime pay.  Plaintiffs are further entitled to liquidated damages in an amount equal to the overtime benefits due because of the willful nature of the Defendants' failure to take reasonable steps to comply with the FLSA. Plaintiffs are also entitled to recover mandatory attorneys' fees under the statute.

**Retaliation Under the FLSA**

21.    The Fair Labor Standards Act ("FLSA") prohibits retaliation against employees who take action to oppose violations of the FLSA. 29 U.S.C. 215(a)(3).  Even internal complaints to management within the corporate employer can be protected activities.  Hagan v. Echostar Satellite, L.L.C., 529 F.3d 617, 625-626 (5th Cir. 2008).

22.    "Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the

purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. 216(b).

23. In the event any present or former employees suffer retaliation, it is Plaintiffs intent to assert said claims in accordance with the anti-retaliation provisions of 29 U.S.C. 215(a)(3).

## VII.
## COVERAGE

24. At all material times, Defendants have acted directly or indirectly in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

25. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

27. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

28. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VIII.
## SINGLE ENTERPRISE

29. Plaintiffs allege that at all times relevant to this suit Defendants Bee-Line Delivery Service and the San Antonio Express News operated as a single enterprise. Defendants had integrated operations, centralized control of labor relations, common management, common ownership, and common financial control. The Defendants have a unity of interest and ownership such that it would be inequitable to treat the acts in question as the acts of one entity alone.

## IX.
## ATTORNEY'S FEES

30. It was necessary for Plaintiffs to retain the services of the undersigned attorneys to prosecute this action. Plaintiffs are entitled to recover the reasonable and necessary attorney's fees, expert fees and court costs to prosecute this action as authorized under the FLSA. Therefore, Plaintiffs seek all reasonable and necessary attorney fees in this case which would include at least the following:

   a. Preparation and trial of the claim, in an amount the jury deems reasonable;

   b. Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

   c. An appeal to the 5th Circuit Court of Appeals, in an amount the jury deems reasonable;

    d.        Making or responding to an Application for Writ of Certiorari to the Supreme Court of the United States, and attorneys' fees in the event that application for Writ of Certiorari is granted, in an amount the jury deems reasonable; and,

    e.        Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## X.
## DAMAGES

31.    Plaintiffs sustained the following damages as a result of the actions and/or omissions of Defendant:

    a.        Overtime pay, time and one half pay, for all hours worked while employed by Defendant that were in excess of 40 hours per week and for all regular time and/or overtime hours worked "off the clock" during the business day;

    b.        All reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiffs;

    c.        All reasonable and necessary costs incurred in pursuit of this suit;

    d.        Expert fees as the Court deems appropriate;

    e.        Pre and Post judgment interest as allowed by law;

## XI.
## JURY DEMAND

32.    Plaintiffs further demand a trial by jury. A jury fee has been tendered.

## XII.
## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein and that upon a final hearing hereof, a judgment be rendered for Plaintiffs and against the Defendants for the actual damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court,

pre-judgment interest, post-judgment interest, liquidated damages, and for such other and further relief to which Plaintiffs may be justly entitled.

**Respectfully Submitted,**

**/s/ *Alan Braun***
**Adam Poncio**
**State Bar No. 16109800**
**salaw@msn.com**
**Alan Braun**
**State Bar No. 24054488**
**abraun@ponciolaw.com**
**Lorna Griffin**
**State Bar No. 24109947**
**Lgriffin@ponciolaw.com**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., Suite 310**
**San Antonio, Texas  78229**
**Telephone: (210) 212-7979**
**Facsimile:   (210) 212-5880**

**Chris McJunkin**
**State Bar No. 13686525**
**cmcjunkin@stx.rr.com**
**4510 Anthony St.**
**Corpus Christi, Texas 78415**
**(361) 882-5747**
**(361) 882-8926**
**ATTORNEYS FOR PLAINTIFFS**